IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSICA BLINKHORN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NEIGHBORHOOD ) <br> CONCEPTS, INC. and ) <br> 752 NORTH HIGHLAND, LLC, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br><br> FILE No. _____ |

## COMPLAINT

COMES NOW, JESSICA BLINKHORN, by and through the undersigned counsel, and files this, her Complaint against Defendants NEIGHBORHOOD CONCEPTS, INC. and 752 NORTH HIGHLAND, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

## PARTIES

2. Plaintiff JESSICA BLINKHORN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

3. Plaintiff is disabled as defined by the ADA, and is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

4. Plaintiff uses a wheelchair for mobility purposes.

5. Defendant NEIGHBORHOOD CONCEPTS, INC. (hereinafter "NCI") is a Georgia corporation, and transacts business in the state of Georgia and within this judicial district.

6. NCI operates a business located at 752 North Highland Avenue N.E., Atlanta, Georgia 30306, doing business as "Neighbor's Pub," referenced herein as the "Facility".

7. NCI may be properly served with process via its registered agent for service, to wit: Douglas F. Landau, 752 1/2 N Highland Ave, Atlanta, GEORGIA, 30306.

8. NCI is the lessee, sub-lessee, lessor and/or operator of the real property and improvements that are the subject of this action.

9. Defendant 752 NORTH HIGHLAND, LLC (hereinafter "Highland") is a Georgia limited liability company, and transacts business in the state of Georgia and within this judicial district.

10. Highland is the owner and/or operator of the real property and improvements that the Facility is situated upon and is the subject of this action, referenced herein as the "Property."

11. Highland may be properly served with process via its registered agent for service, to wit: Roy P. Ruda, 5555 Glenridge Connector, Suite 800, Atlanta, Georgia 30342.

## FACTUAL ALLEGATIONS

12. On or about October 9, 2016, Plaintiff was a customer at NCI and also attempted to utilize the restroom at the Facility.

13. Plaintiff lives in the near vicinity of the Facility and Property.

14. Plaintiff's access to the businesses located at 752 North Highland Avenue N.E., Atlanta, Georgia 30306, Fulton County Property Appraiser's parcel number 14 001600080153 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the

ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

15. Plaintiff intends to visit the Facility and Property within six months, or sooner, to purchase goods.

16. Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property within the next six months, or sooner, once the Facility and Property are accessible again.

17. In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

18. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*.

19. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements,

<ul><li>such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;</li></ul>

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

  (iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

  21. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

  22. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

  23. The Facility is a public accommodation and service establishment. The Property is a public accommodation and service establishment.

  24. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.

  25. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 1281, *et seq.*, and 28 C.F.R. §36.508(a).

  26. The Facility must be, but is not, in compliance with the ADA and

ADAAG.

27. The Property must be, but is not, in compliance with the ADA and ADAAG.

28. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30. Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

31. Defendants have discriminated against Plaintiff by failing to comply with the above requirements.

32. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of her disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include, but are not limited to:

**(a)    ACCESSIBLE ELEMENTS:**

(i)    One or more access aisles adjacent to accessible parking spaces on the Property have excessive vertical rises and are in violation

of section 303.2 of the 2010 ADAAG standards.

(ii) The access aisle adjacent to at least one accessible parking space on the Property is not level due to the presence of a ramp in said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(iii) There is an excessive vertical rise at the base of the ramp leading to the exterior seating area of the Facility, in violation of section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Facility and/or Property.

(iv) The handrails that are required on both sides of the accessible ramp leading to the exterior seating area of the Facility are not present, as there are handrails on one side only, in violation of section 505.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Facility and/or Property.

(v) The handrails that are required on both sides of the accessible ramp are not at the proper height at the end of said ramp, in violation of section 505.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access

public features of the Facility and/or Property.

(vi) The Facility lacks at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink that comply with section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

(vii) There are changes in level in the Facility exceeding ½ (one half) inch that are not ramped, in violation of section 303.4 of the 2010 ADAAG standards. This includes the route to the restrooms of the Facility, the area of the Facility that contains the jukebox and video games, and the dartboard area. This violation made it dangerous and difficult for Plaintiff to access public features of the Facility.

(viii) The interior of the Facility has a bar lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of section 904.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly transact business at the Facility.

(ix) Due to the placement of tables and chairs, the interior of the Facility has walking surfaces lacking a 36 (thirty-six) inch clear width in violation of section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Facility.

**(b) RESTROOMS:**

(i) The Facility lacks restrooms signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate the accessible restroom.

(ii) The door to the urinal area of the men's restroom has a minimum clear width below 32 (thirty-two) inches in violation of section 404.2.3 of the 2010 ADAAG standards.

(iii) Restrooms in the Facility have vanities with inadequate knee and toe clearance, in violation of section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iv) The soap dispensers in the restrooms are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(v) The mirror in the bathrooms exceeds the maximum height permitted by section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

(vi) The paper towel dispensers in the restrooms of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vii) The accessible toilet stall doors in the restrooms of the Facility are not self-closing, and/or otherwise violate section 604.8.2.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

(viii) The height of the coat hooks located in accessible restroom stalls in the Facility are above 48" (forty-eight inches) from the finished floor, in violation of section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

33. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

34. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

35. All of the above violations are readily achievable to modify in order to bring the Facility and Property into compliance with the ADA.

36. The removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendant has the financial resources to make the necessary modifications.

37. Upon information and good-faith belief, the Facility and Property has been altered since 2010.

38. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 32 can be applied to the 1991 ADAAG standards.

39. Plaintiff has attempted to gain access to the Facility and Property in her capacity as a customer, but because of her disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are

compelled to remove the unlawful barriers and conditions and comply with the ADA.

40. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. §36.304.

41. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest, and the benefit to Plaintiff and the public far outweighs any detriment to Defendant.

42. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. §§ 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendants.

43. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with

disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)  That the Court find NCI in violation of the ADA and ADAAG;

(b)  That the Court find Highland in violation of the ADA and ADAAG;

(c)  That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d)  That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)  That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f)  That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: January 11, 2017.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
Ehrlich & Schapiro, LLC
1123 Zonolite Road, N.E., Suite 7-A
Atlanta, Georgia 30306
Tel: (404) 365-4460

Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich