**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**INSTRUCTIONS FOR CASES ASSIGNED TO
THE HONORABLE ELEANOR L. ROSS**

This matter has been assigned to the Honorable Eleanor L. Ross. The purpose of this order is to inform the parties and their counsel of the Court's policies, practice, and procedure. *Pro se* litigants shall also govern themselves in accordance with these instructions and are directed to read the specific section governing *pro se* litigants below. This order, in combination with the Northern District's Local Rules and the Federal Rules of Procedure, shall govern this case. Any previous instructional order is hereby superseded.

## I. GENERAL MATTERS

### CONTACTING CHAMBERS

Courtroom Deputy Clerk Michelle Beck is your principal point of contact on matters relating to this case. **Neither the parties, nor their counsel should discuss the merits of the case with Mrs. Beck or any of the Court's law clerks.** Mrs. Beck is oftentimes in the courtroom and may not return a call for up to 24 hours. Mrs. Beck's contact information is as follows:

Michelle Beck
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309
(404) 215-1524
Michelle_Beck@gand.uscourts.gov

### *PRO SE* LITIGANTS

Parties proceeding *pro se* (without an attorney) are ADVISED that they must comply with the Federal Rules of Civil Procedure ("FED. R. CIV. P."), as well as the Local Rules of the United States District Court for the Northern District of Georgia ("LR"). *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. Many documents are also available on the Court's website at www.gand.uscourts.gov. *Pro se* litigants may also utilize the law library located on the 23rd floor of the United States Courthouse at the above-provided address. Counsel and *pro se* parties are prohibited from engaging in *ex parte* communications with the Court or the Court's staff. "*Ex parte* communications" mean any form of contact with the Court outside the presence of the opposing party or opposing party's counsel. This includes, but is not limited to, telephone calls, written correspondence, or in-person contact, by one party or party's counsel. If counsel or a *pro se* litigant seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's office, and serve the opposing party or party's counsel. See FED. R. CIV. P. 5; LR 5.1 and 5.2, NDGa; see also LR 7.4, NDGa. ("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter. A letter seeking such action ordinarily will not be treated as a motion. Counsel [and *pro se* litigants] shall not provide the Court with copies of correspondence among themselves relating to matters in dispute.").

A *pro se* plaintiff is REQUIRED to provide the Clerk with an original of any further pleadings or other papers filed with the Court after the complaint and is further REQUIRED to SERVE upon the defendant(s) or counsel for the defendant(s), by mail or by hand delivery under Rule 5 of the Federal Rules of

Civil Procedure, a copy of every additional pleading or other paper described in Rule 5 of the Federal Rules of Civil Procedure. Once counsel for a defendant has appeared in the case, it is not necessary to serve the defendant individually; service on counsel is sufficient.

Each pleading or paper described in Rule 5, including pleadings, papers related to discovery required to be served, motions, notices, and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the defendant(s) or their counsel. This Court shall disregard any papers submitted which have not been properly filed with the Clerk, or which do not include a certificate of service. *Pro se* parties are also ADVISED that, under Local Rule 7 ("PLEADINGS ALLOWED: FORM OF MOTIONS"), if the deadline for a response to a motion passes without a response being filed, the motion is deemed unopposed. See LR 7.1B, NDGa. Furthermore, under Local Rule 56.1, respondent's failure to respond to a statement of material facts on a motion for summary judgment will be taken as an admission of those facts.

*Pro se* parties are further REQUIRED to keep the Court advised of their current address and telephone number where they can be reached at all times during the pendency of the lawsuit. Local Rule 83.1D (3) provides that counsel and parties appearing *pro se* have, in all cases, a duty to notify the Clerk's Office by letter of any change in address and/or telephone number. Per this rule, "[a] failure to keep the clerk's office so informed which causes a delay or otherwise adversely affects the management of a civil case shall constitute grounds for dismissal without prejudice or entry of a judgment by default."

**COURTESY COPIES**

Except for emergency motions filed pursuant to Local Rule 7.2(b), the delivery of a hard copy of a document, in addition to the electronically filed copy, is not necessary, as the Court prefers to rely on its electronic access to court filings.

**PROPOSED ORDERS**

For all consent, unopposed, or joint motions, the filing party shall include therewith a proposed order granting the motion. **The proposed order shall be filed as an exhibit or attachment to any motion.**

**PAGE LIMIT EXTENSIONS**

Parties seeking an extension of the page limit must do so at least five (5) days in advance of their filing deadline and should explain with specificity the reasons necessitating the extension. If a party files a motion to extend the page limit at the same time his or her brief is due, the extension request will be denied absent a compelling and unanticipated reason for violating the Rule. The Court will also not consider any arguments made in pages which exceed the Local Rules' requirements.

**MOTIONS TO COMPEL DISCOVERY**

The parties shall not file discovery motions (including motions to compel, motions for protective order, motions for sanctions) without prior permission from the Court. These disputes may often be resolved in a conference, resulting in less delays of discovery.

In the event a discovery dispute arises, the parties are required to meet and confer in an effort to resolve the dispute.  Counsel or *pro se* litigants are required to confer – **by telephone or in person** – in good faith before bringing a discovery

4

dispute to the Court. See FED. R. CIV. P. 26(c) and 37(a)(1); LR 37.1A, NDGa. The duty to confer is NOT satisfied by sending a written document, such as a letter, email, or fax, to the adversary, UNLESS repeated attempts to confer by telephone or in person are unsuccessful due to the conduct of the adversary.

If the dispute cannot be resolved, the parties shall electronically file on the docket a Consolidated/Joint Discovery Statement outlining their positions on each of the discovery items in dispute. The Consolidated Statement should conform to these guidelines:

I. Page Limits:
   a. For 4 or less issues: 6 pages
   b. For 5-10 issues: 10 pages
   c. For more than 10 issues: 12 pages

II. Formatting: The statement should be formatted in a logical order, i.e., identify each issue in dispute followed by a discussion from each of the parties setting forth an explanation of its respective position on the issue as follows:

   Identify Discovery Issue #1
       Party A's Position
       Party B's Response
       Party A's Reply

   Identify Discovery Issue #2
       Party A's Position
       Party B's Response
       Party A's Reply

III. Attachments: The parties are required to attach as an exhibit to the Consolidated Statement an excerpt of the relevant discovery requests including only the language of the specific requests and, potentially, the disputed responses, that are the subject of the dispute. The parties

5

should not attach an entire copy of their Interrogatories, Requests for Production of Documents, or Requests for Admission. No other exhibits are allowed without prior permission from the Court.

The Court will determine whether the dispute can be resolved on the papers or whether a conference is necessary and will notify the parties accordingly. All discovery conferences will be recorded by a court reporter. If the differences cannot be resolved during the conference with the Court, the Court will direct further proceedings.

**OBJECTIONS TO DISCOVERY**

Boilerplate objections in response to discovery requests are prohibited. Parties should not carelessly invoke the usual litany of rote objections; i.e., attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.

The Court is usually available by telephone to resolve objections and disputes that arise during depositions.

**REQUESTS FOR PROTECTIVE ORDERS AND/OR MOTIONS TO SEAL**

As a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files. It is the general policy of this Court not to allow the filing of documents under seal without a Court order, even if all parties consent to the filing under seal. To request to file material under seal, the parties should follow the

procedures provided in Section II(J) of Appendix H to the Court's Local Civil Rules, available on the Court's website.[1]

## MOTIONS FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

Any request for a temporary restraining order or for preliminary injunctive relief must be made by a separate motion and conform to FED. R. CIV. P. 65. See LR 7.1A(1), NDGa. A request for a temporary restraining order or preliminary injunction found only in the complaint will not be considered at the time the complaint is filed and the request will be considered when the merits of the case are addressed. After filing a motion for a temporary restraining order or a preliminary injunction, the movant must contact Mrs. Beck to request expedited consideration of the motion; otherwise, the motion will be treated as a non-emergency matter.

## MOTIONS FOR SUMMARY JUDGMENT & STATEMENTS OF MATERIAL FACTS

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts. Thus, the party should include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the transcript where the referenced testimony can be found. When filing a brief in support of or in opposition to a motion for summary judgment, the party shall also file, as a separate docket entry, an electronic copy of the complete transcript of each deposition referenced in the brief. Neither the original transcript nor any paper copies of the deposition should be filed with the Clerk or delivered to chambers.

---

[1] See also "Procedures for Electronic Filing Under Seal" available at http://www.gand.uscourts.gov/instructions-individual-judges.

Regarding the statement of facts and responses thereto, in addition to following the form instructions set out in Local Rule 56.1(B), NDGa, a party responding to a statement of material facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following. Each party shall file its documents in a text-searchable PDF format. Statements of material fact that do not conform to these instructions may be returned to counsel for revision.

### REQUESTS FOR ORAL ARGUMENT ON MOTIONS

In accordance with the Court's Local Rules, motions are usually decided without oral argument, but the Court will consider any request for hearing if the party or parties requesting oral argument specify the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument. Moreover, the Court shall grant a request for oral argument on a contested, substantive motion if the request states than an attorney who is less than five years out of law school will conduct the oral argument on at least one substantial issue in the case, it being the Court's belief that young attorneys need more opportunities for Court appearances than they usually receive.

### OBJECTIONS TO MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS

Objections to a Magistrate Judge's Report and Recommendation and Responses to those Objections shall be limited to fifteen (15) pages, absent special permission of the Court. Said objections and responses shall also comply with the formatting requirements of Local Rule 5.1, NDGa.

**LEAVE OF ABSENCE**

All requests for or notices of leaves of absence must be electronically filed. **Counsel should not mail or hand-deliver paper copies to chambers.**

## II. TRIAL MATTERS

**PRETRIAL CONFERENCE**

The Court will conduct a pretrial conference in all cases noticed for trial. Only the attorneys (and not the parties) are required to appear. *Pro se* litigants are also required to appear at pretrial conferences and govern themselves in accordance with these instructions.

No later than ten (10) days before the date of the pretrial conference, the Court directs counsel for all parties and all *pro se* litigants to meet together by agreement, initiated by counsel for the plaintiff, (a) to discuss settlement and (b) to stipulate to as many facts and issues as possible. The Court will discuss settlement with the parties if the case is to be tried by jury.

Unless otherwise stated, the Court will hold the pretrial conference **TWO (2) WEEKS** prior to trial. The purpose of the conference is to simplify the issues to be tried and to rule on evidentiary objections raised in the pretrial order and motions in limine. Counsel and/or *pro se* litigants will be required to identify the specific witnesses that will be called in the case-in-chief. The Court may require counsel and/or *pro se* litigants to bring trial exhibits to the pretrial conference in order to determine objections to said exhibits. Counsel and/or *pro se* litigants shall separately and sequentially number each of their exhibits. Exhibits shall not be labeled or grouped as categories, for example, "hospital records" or "photographs.

**VOIR DIRE**

Proposed voir dire questions shall be filed as set forth in the Pretrial Order. See LR 16.4, NDGa.  The Court will review the submissions and notify the parties of the approved questions at and/or prior to the pretrial conference.

During voir dire, the Court will ask certain qualifying questions and request the jurors to verbally respond to a printed juror questionnaire (containing general questions regarding their residence, occupation, education, recreational activities, prior jury service, and children, if applicable). The Court will then permit the attorneys to ask voir dire questions, as previously approved by the Court.

All challenges for cause will be heard at the close of the questioning of all jurors.  There will be a fifteen (15) minute break at the conclusion of juror questioning in order to allow the attorneys time to review their notes prior to striking the jury.

In all civil cases, eight (8) jurors will be selected to deliberate for cases expected to last one week or less. The Court will empanel additional jurors for cases expected to last more than one week. The number to empanel will be determined after receiving input from the parties. No alternates will be empanelled for civil cases.

**MOTIONS IN LIMINE**

Unless otherwise ordered by the Court, motions in limine shall be filed electronically on the docket no later than **TWENTY-ONE (21) DAYS** before the pretrial conference.  Responses to motions in limine shall be filed electronically on the docket **NINE (9) DAYS** after the motions are filed.  Replies to responses to motions in limine shall be filed electronically on the docket **FIVE (5) DAYS** after response are filed.

Unless otherwise ordered by the Court, the Court will hold a hearing on the motions in limine after the conclusion of the pretrial conference.

**REQUESTS TO CHARGE**

Counsel shall prepare requests to charge (including instructions needed concerning claims and defenses and special issues and damages) in the following general format and sequence. Counsel must use the Eleventh Circuit Pattern Jury Instructions, if applicable. If there is no appropriate Eleventh Circuit charge, counsel should use instructions from Federal Jury Practice and Instructions, O'Malley, Grenig & Lee (5th ed. 2000). If state law applies, counsel shall present the appropriate pattern instruction from the applicable state.

Each request to charge shall be numbered sequentially and on a separate page with authority for the requested charged cited at the bottom of the page. Counsel should be sure to include all substantive law issues and should not assume that the Court has its own charge on the substantive law.

Unless otherwise ordered by the Court, requests to charge shall be filed electronically on the docket by **9:00 AM on the first day of trial**. An editable, electronic version of the proposed charge in Word format shall be emailed to Mrs. Beck on the same day that the proposed charge is filed on the docket.

**EVIDENTIARY PRESENTATION**

Attorneys and/or *pro se* litigants shall request permission to approach prior to approaching a witness or the bench.

**COURTROOM TECHNOLOGY**

The courtroom has various electronic equipment for use by counsel at trial. For more information on the equipment, or to schedule an opportunity to test the

equipment, please contact the Courtroom Deputy Clerk, Mrs. Beck, at Michelle_Beck@gand.uscourts.gov or 404-215-1524. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

A court order is required to bring boxes of exhibits, projectors, laptops – virtually anything necessary for use at trial – into the courthouse. The parties should file a motion, with proposed order, detailing the equipment they wish to bring into the courtroom. This should be done not less than three (3) business days prior to the hearing or trial, to allow for proper notification to the United States Marshals Service.

**SO ORDERED**.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia